UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE POINTE APARTMENTS OWNER, LP; THE POINTE APARTMENTS GP, LLC, d/b/a THE POINTE AT WEST CHESTER; LINCOLN APARTMENT MANAGEMENT, LP; and LINCOLN BP MANAGEMENT, INC., d/b/a LINCOLN PROPERTY COMPANY | ) ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

The United States alleges as follows:

1. This is a civil action brought by the United States to enforce the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended ("the Fair Housing Act"), 42 U.S.C. § 3601 *et seq*. This action is brought under 42 U.S.C. § 3612(o) on behalf of Complainant Shari Watkins.

## JURISDICTION AND VENUE

2. This court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. §§ 3612(o).

3. Venue is proper under 28 U.S.C. § 1391(b) because the actions or omissions giving rise to the United States' claims occurred in the Eastern District of Pennsylvania.

## PARTIES AND PROPERTY

4. The Pointe at West Chester ("The Pointe") is a 230-unit apartment complex located at 890 South Matlack Street, West Chester, Pennsylvania, 19382, in the Eastern District of Pennsylvania. The apartments at The Pointe and the associated common use areas are "dwellings" within the meaning of the Fair Housing Act, 42 U.S.C. § 3602(b).

5. Defendant The Pointe Apartments Owner, LP, is a Delaware Limited Partnership established in 2003. The Pointe Apartments Owner, LP owned The Pointe from October 17, 2013, to October 31, 2017. Defendant The Pointe Apartments GP, LLC, doing business as The Pointe at West Chester, is a Delaware Limited Liability Company established in 2003. The Pointe Apartments GP, LLC operated as the general partner of Defendant The Pointe Apartments Owner, LP (collectively with Defendant The Pointe Apartments Owner, LP, "Pointe Defendants").

6. Defendant Lincoln Apartment Management, LP is a Delaware Limited Partnership established in 2001. Defendant Lincoln BP Management, Inc., doing business as "Lincoln Property Company," is a Texas corporation established in 2001. Lincoln BP Management, Inc. is the sole general partner of Lincoln Apartment Management, LP, (collectively with Lincoln Apartment Management LP, "Lincoln Defendants"). The Lincoln Defendants manage a number of residential real estate properties throughout the United States.

7. The Lincoln Defendants contracted with the Pointe Defendants to manage The Pointe from approximately October 2013 to approximately October 2017. During that time period, the Lincoln Defendants were responsible for the overall management and operation of The Pointe, including establishing rules and policies regarding tenant conduct.

8. Ms. Watkins and her family lived at The Pointe from May 12, 2012, until

2

November 16, 2014. Ms. Watkins and her children are "aggrieved persons" as defined in 42 U.S.C. § 3602(i).

9. For purposes of this Complaint, the "relevant time period" is the time period in which Ms. Watkins' family lived at The Pointe while Defendants owned and/or operated The Pointe – approximately October 16, 2013, to approximately November 16, 2014.

## FACTUAL ALLEGATIONS

10. Complainant Shari Watkins is the mother of Quinton Watkins, 21 years of age, and S.W., 17 years of age. During the relevant time period, Ms. Watkins and her children were tenants of The Pointe.

11. During the relevant time period, Quinton Watkins was 15-16 years of age and S.W. was 11-12 years of age.

12. Ms. Watkins and her then-minor children moved into The Pointe in May 2012, shortly after it opened.

13. The Pointe contained several amenity spaces provided for the benefit of its residents, including, but not limited to, a community room, which contained a billiards table, dart board, shuffleboard, video game consoles, and other recreational activities, sofas, tables and chairs, and a small kitchen area, and a media center with a large screen with surround sound for viewing movies and videos (collectively, the "Amenities"). The Pointe also had a playground geared toward young children.

14. During the relevant time period, Defendants implemented and enforced restrictive policies directed at children and families with children. These policies prohibited children under 16 or 17 years of age from using the Amenities – other than the playground that was intended for very young children – without adult supervision. These policies were communicated via posted

signs at the entrances to the Amenities, and incorporated into tenant leases. Failure to obey the policies constituted a lease violation, which could result in termination of the lease and eviction.

15. While landlords may, in some circumstances, impose rules and policies governing use of amenities that are narrowly tailored to further a legitimate nondiscriminatory purpose, such as to address reasonable health and safety concerns, Defendants' restrictive policies directed at children were not.

16. For example, during the relevant time period, there was a sign posted at the entrance to the Community Room which stated: "Children under age 16 must be accompanied by an adult," and a sign posted at the entrance to the Media Center which stated: "Children 16 years of age or under must be accompanied by an adult when using the Media Center."

17. During the relevant time period, Ms. Watkins' residency at The Pointe was governed by the terms of an Apartment Lease Contract between her and Defendant The Pointe Apartments Owner, LP ("lease"). Paragraph 19 of the lease, entitled "Community Policies or Rules," stated: "You and all guests and occupants must comply with any written apartment rules and community policies… Our rules are considered part of this Lease Contract."

18. Ms. Watkins' lease also included a "Community Policies, Rules and Regulations Addendum," which stated that "permission for use of all common areas, Resident amenities, and recreational facilities . . . is conditioned upon Resident's adherence to the terms of the Lease, this Addendum, and the Community rules and regulations ('Rules') in effect at any given time …."

19. During the relevant time period, the Amenities at The Pointe were available to all adult residents, but were not available to Ms. Watkins' children without adult supervision. Ms. Watkins was a single mother, who often had to work late and on weekends. Her children would have liked to have used the various Amenities. Ms. Watkins also would have liked her children

4

to be able to use the Amenities while she was at work.

20. Because of Defendants' policies prohibiting children from using the Amenities without supervision, Ms. Watkins' children were rarely able to take advantage of the Amenities during the relevant time period.

21. For example, Ms. Watkins' children could not go to the media room to watch a DVD, or go to the community room to play video games unless supervised by an adult.

22. If they had not been restricted from using the Amenities without adult supervision, Ms. Watkins would have allowed her children to visit the areas without adult supervision. She felt that her children were sufficiently responsible and did not feel there was any particular reason to be concerned about their safety if they used the Amenities without adult supervision.

23. Because Quinton and S.W. were not allowed to use the Amenities without adult supervision, they spent long periods of time confined to their apartment while Ms. Watkins was at work. These conditions severely restricted the family's enjoyment of The Pointe.

### HUD COMPLAINT AND CHARGE OF DISCRIMINATION

24. On May 26, 2015, Ms. Watkins timely filed a housing discrimination complaint with HUD on behalf of herself and her minor children, pursuant to the Fair Housing Act, 42 U.S.C. § 3610(a), alleging that Defendants discriminated against her and her minor children on the basis of familial status in violation of Section 804(b) of the Fair Housing Act, as amended, 42 U.S.C. §§ 3601-19.

25. Pursuant to 42 U.S.C. § 3610(a) and (b), the Secretary of HUD conducted and completed an investigation of the complaint, attempted conciliation without success, and prepared a final investigative report. Based on the information gathered in the investigation, the

Secretary determined, pursuant to 42 U.S.C. § 3610(g)(1), that reasonable cause existed to believe that illegal discriminatory housing practices had occurred, including violations of 42 U.S.C. §§ 3604(b) and (c). Therefore, on or about July 19, 2018, the Secretary issued a Charge of Discrimination, pursuant to 42 U.S.C. § 3610(g)(2)(A), charging the Defendants with engaging in discriminatory practices on the basis of familial status in violation of the Fair Housing Act, specifically 42 U.S.C. §§ 3604(b) and (c).

26. On August 5, 2018, Ms. Watkins elected to have the claims asserted in HUD's Charge of Discrimination resolved in a civil action, pursuant to 42 U.S.C. § 3612(a).

27. On August 5, 2018, the Administrative Law Judge presiding over the administrative proceeding issued a Notice of Election to Proceed in United States District Court and terminated the administrative proceeding.

28. Following this Notice of Election, the Secretary of HUD authorized the Attorney General to commence a civil action, pursuant to 42 U.S.C. § 3612(o).

29. The United States and Defendants have executed a series of agreements extending the applicable statute of limitations deadline for filing any cause of action under the Fair Housing Act.

## CLAIM FOR RELIEF

30. The United States re-alleges and incorporates by reference the allegations set forth in Paragraphs 1-29.

31. By their conduct described above, the Defendants have:

   a. Discriminated in the terms, conditions, or privileges of sale or rental of a dwelling because of familial status, in violation of 42 U.S.C. § 3604(b); and

   b. Made, printed, published, or caused to be made, printed, or published statements with respect to the rental of a dwelling that indicated a preference,

limitation, or discrimination based on familial status, or an intention to make any such preference, limitation, or discrimination, in violation of 42 U.S.C. § 3604(c);

32. Ms. Watkins and her children have suffered damages as a result of Defendants' conduct.

33. The Defendants' conduct was intentional, willful, and taken in disregard for the rights of others.

## PRAYER FOR RELIEF

WHEREFORE, the United States prays that the Court enter an order that:

1. Declares that Defendants' discriminatory policies and practices, as alleged above, violate the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*;

2. Enjoins Defendants, their representatives, agents, employees, successors, and all others in active concert or participation with any of them from:

    (a) Discriminating against any person on the basis of familial status in violation of the Fair Housing Act in any aspect of the rental of a dwelling;

    (b) Failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, the victims of the Defendants' unlawful practices to the position they would have been in but for the discriminatory conduct; and

    (c) Failing or refusing to take such affirmative steps as may be necessary to prevent the recurrence of any discriminatory conduct

7

in the future and to eliminate, to the extent practicable, the effects of the Defendants' unlawful practices; and

3. Awards such monetary damages, pursuant to 42 U.S.C. §§ 3612(o)(3), and 3613(c)(1), as would fully compensate Complainant.

The United States further prays for such additional relief as the interests of justice may require.

Dated: May 13, 2020

Respectfully submitted,

*/s/ P. O'Beirne*

ERIC S. DREIBAND
Assistant Attorney General
Civil Rights Division

SAMEENA SHINA MAJEED
Chief
CATHERINE BENDOR
Deputy Chief
PATRICIA O'BEIRNE
Trial Attorney
Housing and Civil Enforcement Section
Civil Rights Division
U.S. Department of Justice
4 Constitution Square
150 M Street NE – Room 8.111
Washington, DC 20530
Phone: 202-307-6264
Fax: 202-514-1116
E-mail: patricia.o'beirne@usdoj.gov

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

## DEFENDANTS
The Pointe Apartments Owner, LP  (Defts Cont'd on next pg)
CT Corporation/Two Commerce Square/2001 Market Street/5th Floor
Philadelphia, PA 19103

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Philadelphia County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Patricia O'Beirne
U.S. Dept of Justice, 4 Constitution Square
150 M. Street NE, Room 8.111, Washington, DC 20002, 202-307-6264

Attorneys *(If Known)*
Elizabeth Lorrell, Jolene Sproviero,
Gordon Rees Scully Mansukhani, 18 Columbia Turnpike, Suite 220
Florham Park, NJ 07932, 973-549-2506

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | [X] 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Fair Housing Act, Title VIII of Civil Rights Act of 1968, 42 U.S.C. 3601
Brief description of cause:
Defts were engaging in discriminatory practices on basis of familial status

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: May 13, 2020
SIGNATURE OF ATTORNEY OF RECORD: Patricia O'Beirne /s/ O'Beirne

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

U.S. v. The Pointe Apartment Owners, LP

Additional defendants:

The Pointe Apartments GP, LLC
d/b/a The Pointe at West Chester
Corporation Trust Company
Corporation Trust Center
1209 Orange St.
Wilmington, DE 19801

Lincoln Apartment Management, LP
P.O. Box 1920
Dallas, TX 75221-1920

Lincoln BP Management, Inc.
d/b/a Lincoln Property Company
P.O. Box 1920
Dallas, TX 75221-1920

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

UNITED STATES OF AMERICA :
    Plaintiff, :
                                   :
     v. :
                                   :
THE POINTE APARTMENTS OWNER, :
LP; THE POINTE APARTMENTS GP, :
LLC, d/b/a THE POINTE AT WEST :
CHESTER; LINCOLN APARTMENT :
MANAGEMENT, LP; and LINCOLN :
BP MANAGEMENT, INC., d/b/a :
LINCOLN PROPERTY COMPANY, :
    Defendants. :

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

_05/13/2020_     _/s/ P. O'Beirne_     Plaintiff United States of America
Date             Patricia O'Beirne, Attorney-at-law     Attorney for

_202-307-6264_     _202-514-1116_          _patricia.obeirne@usdoj.gov_

Telephone                     Fax Number                                  E-Mail Address
(Civ. 660) 10/02

## Civil Justice Expense and Delay Reduction Plan
## Section 1:03 - Assignment to a Management Track

(a)    The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)    In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)    The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)    Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)    Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __4 Constitution Square, 150 M St NE, Washington, DC 20002__

Address of Defendant: __CT Corp., Two Commerce Sq., 2001 Market St., 5th Floor, Philadelphia, PA 19103__

Place of Accident, Incident or Transaction: __West Chester, PA__

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __5/13/2020__   _/s/ P. O'Beirne_
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
    *(Please specify):* __Fair Housing Act, Title VIII - 42 USC 3601__

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Patricia O'Beirne__, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: __5/13/2020__   _/s/ P. O'Beirne_
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)